IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARRIE A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07CV 5677 |
| v. ) | JUDGE PALLMEYER |
| ) | MAGISTRATE JUDGE COLE |
| SORONDA TURNER, BRIAN BLACK, ) | |
| VALERIE HASTINGS, ROBERT ) | |
| WELCH, BOBBY SMITH, RONALD ) | |
| ANDERSON, AND UNKNOWN ) | |
| MAYWOOD POLICE OFFICERS, ) | FILED |
| individually and in their official ) | |
| capacity as law enforcement officers ) | OCT 0 5 2007 |
| for The Village of Maywood Illinois ) | 10-5-07 |
| ) | MICHAEL W. DOBBINS |
| Defendants. ) | CLERK, U.S. DISTRICT COURT |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, CARRIE A. JOHNSON, by and through her attorneys, GRANT SCHUMAN, LLC, and complains against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Village of Maywood, Illinois:

### NATURE OF ACTION

1. Plaintiff seeks monetary relief for her Federal Question Claims to redress the deprivation of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

### JURISDICTION AND VENUE

1

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. section 1331 and 1343.

3. Further, this action is authorized and instituted pursuant to Title 42 U.S.C. section 1983, which was derived from section 1 of the Civil Rights Act of 1871, 17 Stat. 13.

4. All acts alleged occurred within the Northern District of Illinois.

**PARTIES**

5. Plaintiff, CARRIE A. JOHNSON ("JOHNSON"), is an adult female citizen of the United States and a resident of the Village of Bellwood, Cook County, Illinois.

6. Defendant, SORONDA TURNER ("TURNER"), at all times material hereto, was a sworn law enforcement officer for the Village of Maywood, Illinois.

7. Defendant, BRIAN BLACK ("BLACK"), at all times material hereto, was a sworn law enforcement officer for the Village of Maywood, Illinois.

8. Defendant, OFFICER VALERIE HASTINGS ("HASTINGS"), at all times material hereto, was a sworn law enforcement officer for the Village of Maywood, Illinois.

9. Defendant, OFFICER ROBERT WELCH ("WELCH"), at all times material hereto, was a sworn law enforcement officer for the Village of Maywood, Illinois.

10. Defendant, OFFICER BOBBY SMITH ("SMITH"), at all times material hereto, was a sworn law enforcement officer for the Village of Maywood, Illinois.

11. Defendant, OFFICER RONALD ANDERSON ("ANDERSON"), at all times material hereto, was a sworn law enforcement officer for the Village of Maywood, Illinois.

12. Defendants, UNKNOWN MAYWOOD POLICE OFFICERS ("UNKNOWN"), at all times material hereto, were a sworn law enforcement officers for the Village of Maywood, Illinois.

13.  Plaintiff sues the Defendants in their individual capacities and in their capacities as law enforcement officers for the Village of Maywood, Illinois.

14.  At all times material hereto, the Defendants, TURNER, BLACK, HASTINGS, WELCH, SMITH, ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, acted under the color of law.

## STATEMENT OF FACTS

15.  On October 10, 2005 at approximately 6:50 p.m. the Plaintiff was approached by Defendants during Defendants performance of a roadside safety check at or near 18th Avenue and St. Charles Road, Maywood Illinois.

16.  At that time the Plaintiff, was driving her vehicle.

17.  Defendants informed Plaintiff that she was being stopped for a seat belt violation and directed her to an adjacent parking lot.

18.  Plaintiff requested permission to talk to a supervisor at the scene. Plaintiff was told she could talk to a supervisor and was directed by one of the Defendants to walk across the parking lot to a police vehicle parked on the street.

19.  After walking some distance, Plaintiff was directed by Defendant Turner to go back to her vehicle.

20.  After Plaintiff arrived at her parked vehicle, Defendants directed her to be seated inside and to shut the door.

21.  Moments after Plaintiff was seated in her vehicle Defendant Turner approached her vehicle opened the driver's door. Defendant Turner then, lunged inside Plaintiff's vehicle and struck Plaintiff about her head, neck, face, and upper body and pulled Plaintiff's hair.

22. Plaintiff began screaming for help. Defendant Turner retreated out of Plaintiff's vehicle.

23. Plaintiff was then requested to exit her vehicle and was handcuffed by Defendant Welch.

24. Defendant Welch handcuffed Plaintiff's hands and arms behind her back.

25. Plaintiff was then taken into custody and driven to the Maywood Police Department Station. Upon arrival at the police department station, Plaintiff was placed in a jail cell and approximately 5 hours later was processed and charged with the criminal offense of obstructing a peace officer.

26. Plaintiff was released from the custody from the Maywood Police Department at approximately 11:53 p.m. on October 10, 2005.

## STATEMENT OF CLAIMS

## COUNT I - FALSE ARREST

NOW COMES the Plaintiff, CARRIE A. JOHNSON, by and through her attorneys, GRANT SCHUMAN, LLC, and complains against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, for false arrest and states the following:

27. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 26, and incorporates the same fully set forth herein.

28. The Defendants arrested or caused the arrest and detention of Plaintiff, without a warrant, without probable cause, and without any other legal justification, and Plaintiff was charged with the offense of obstructing a peace officer.

29. On October 10, 2005 the Plaintiff was wrongfully and intentionally detained by the Defendants.

30. The conduct of the Defendants, resulted in the Plaintiff being falsely, maliciously and unlawfully arrested, detained and deprived of her liberty.

31. As a result of the wrongful arrest and detention, the Plaintiff was deprived of her rights in violation of Title 42 U.S.C. section 1983:

   a) her right to security of person and freedom from arrest, except upon probable cause, supported by oath or affirmation, pursuant to the Fourth Amendment of the United States Constitution; and

   b) her right not to be deprived of liberty without due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

32. The course of action by the Defendants was willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

   a) in reckless or callous disregard of the Plaintiff's federal constitutional rights;

   b) in utter indifference to the Plaintiff's federal constitutional rights; and/or

   c) by misuse and abuse of federal legal authority.

33. As a direct result of the wrongful arrest and detention, the Plaintiff was injured, in that she was deprived of her liberty for a substantial period of time, she suffered from anxiety and distress over being separated from her family, she was humiliated and embarrassed,

sustained physical injuries to her neck, back, shoulders, wrists and hands and incurred legal fees and other expenses.

WHEREFORE, the Plaintiff, CARRIE A. JOHNSON, prays for judgment against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, jointly and severally, as follows:

    A.  For compensatory damages in the amount of $500,000.00;

    B.  For punitive damages in the amount of $250,000.00;

    C.  For any interest allowed by law, both pre-judgment and post judgment;

    D.  For attorney's fees pursuant to Title 42 U.S.C. section 1988;

    E.  For cost incurred; and

    F.  For any other relief the Court may deem just.

## COUNT II - EXCESSIVE FORCE

NOW COMES the Plaintiff, CARRIE A. JOHNSON, by and through her attorneys, GRANT SCHUMANN, LLC, and complains against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, jointly and severally for excessive force as follows:

34.    The Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 33, and incorporates the same fully set forth herein.

35. While the Plaintiff was being unlawfully arrested the Defendants pushed, pulled, punched, grabbed, scratched and forced her out of her vehicle and subsequently pulled her by the handcuffs while locked on her wrists to place her into custody.

36. At no time did the Plaintiff resist being arrested or attempted to pull away from the Defendants even though the Plaintiff was being physically abused.

37. As a result of the attack on the Plaintiff by the Defendants the Plaintiff was injured.

38. As a direct and proximate result of the afore described unlawful and malicious physical abuse of the Plaintiff by the Defendants, committed under the color of law and under the Defendants authority as Maywood Police Officers, the Plaintiff suffered grievous bodily harm and was deprived of her right to be secure in her person, against unreasonable seizure of her person and the use of excessive force, in violation of the Forth and Fourteenth Amendment of the Constitution of the United States and Title 42 section 1983.

39. The course of action by the Defendants was willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

    a) in reckless or callous disregard of the Plaintiff's federal constitution rights;

    b) in utter indifference to the Plaintiff's federal constitutional rights; and/or

    c) by misuse and abuse of federal legal authority.

40. As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiff was injured, she was humiliated and embarrassed, sustained physical injuries to her body and head and incurred legal fees and other expenses.

WHEREFORE, the Plaintiff, CARRIE A. JOHNSON, prays for judgment against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICER, jointly and severally, as follows:

    A. For compensatory damages in the amount of $500,000.00;

    B. For punitive damages in the amount of $250,000.00;

    C. For any interest allowed by law, both pre-judgment and post judgment;

    D. For attorney's fees pursuant to Title 42 U.S.C. section 1988;

    E. For cost incurred; and

    F. For any other relief the Court may deem just.

## COUNT III - FAILURE TO INTERVENE

NOW COMES the Plaintiff, CARRIE A. JOHNSON, by and through her attorneys, GRANT SCHUMANN, LLC, and complains against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, jointly and severally for failure to intervene as follows:

41. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 40, and incorporates the same fully set forth herein.

42. Defendants SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS were present at the scene on the date and time in question

and knew and should have known that the other officers were exerting excessive force upon the Plaintiff.

43. Defendants SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS failed to intervene and prevent the other officers from exerting excessive force upon the Plaintiff when Defendants had a reasonable opportunity to do so.

44. As a direct and proximate result of the efforts described, the unlawful conduct the Defendants committed under color of law and under their individual authority as Maywood Police Officers, Plaintiff suffered grievous bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42, Section 1983.

45. The course of action by Defendants was willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

    a) in reckless or callous disregard of Plaintiff's federal constitutional rights;

    b) in utter interference to Plaintiff's federal constitutional rights; and/or

    c) by misuse of abuse of federal legal authority.

46. As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiff was injured, she was humiliated and embarrassed, sustained physical injuries to her head and body and incurred legal fees and expenses.

WHEREFORE, the Plaintiff, CARRIE A. JOHNSON, prays for judgment against the Defendants, SORONDA TURNER, BRIAN BLACK, VALERIE HASTINGS, ROBERT WELCH, BOBBY SMITH, RONALD ANDERSON, AND UNKNOWN MAYWOOD POLICE OFFICERS, jointly and severally, as follows:

A. For compensatory damages in the amount of $500,000.00;

B. For punitive damages in the amount of $250,000.00;

C. For any interest allowed by law, both pre-judgment and post judgment;

D. For attorney's fees pursuant to Title 42 U.S.C. section 1988;

E. For cost incurred; and

F. For any other relief the Court may deem just.

Respectfully submitted,

BY: _____
Anthony L. Schumann
Attorney for Plaintiff
Carrie A. Johnson

GRANT SCHUMAN, LLC
Attorney for Carrie A. Johnson
230 West Monroe
Suite 240
Chicago, Illinois 60606
(312) 551-0111
Attorney No. 41555